**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH PINCKNEY,<br><br>        Plaintiff,<br><br>v.<br><br>KEN BELL, et al.,<br><br>        Defendants. | 2:10-CV-1893 JCM (LRL) |

**ORDER**

Presently before the court is plaintiff Joseph Pinckney's emergency motion for a temporary restraining order. (Doc. #10).

On October 28, 2010, plaintiff filed a complaint under 42 U.S.C. § 1983 against defendants Ken Bell, et. al. (Doc. #1). Defendants filed a motion to dismiss for lack of prosecution on July 3, 2011. (Doc. #5). This motion is still pending. Now, plaintiff moves the court to issue a temporary restraining order against "all defendants . . . and their co-conspirators." (Doc. #10).

Plaintiff alleges that on June 19, 2011, defendant Ken Bell, accompanied by an unidentified male, followed plaintiff to his apartment. (Doc. #10). Once there, Mr. Bell and his associate allegedly appeared at plaintiff's window and made lewd gestures and laughed. (Doc. #10). Plaintiff further asserts that on July 1, 2011, a projectile hit his wall shortly before he opened his door. (Doc. #10). Plaintiff states that this projectile came from an unidentified source on the Clark County Library's parking lot. (Doc. #10). Finally, plaintiff alleges that defendant Verity Langag sat in a blue van

**James C. Mahan**
**U.S. District Judge**

1  observing his apartment on August 19, 2011. (Doc. #10). Plaintiff asserts that once he noticed Ms.
2  Langag, she drove away before he could get a license plate number. (Doc. #10).

3  According Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

In the present motion, plaintiff has not established specific facts showing that immediate and irreparable injury, loss, or damage will result. Fed. R. Civ. Pro. 65. Further, plaintiff has not shown a likelihood of success on the merits. *See Winter*, 555 U.S. at 20.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Joseph Pinckney's motion for a temporary restraining order (Doc. #10) be, and the same hereby is, DENIED.

DATED August 24, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**